UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN EDWARD MORA, | No. 2:20-cv-0749-EFB P |
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |
| OGNJEN PETRAS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2).  He also requests the appointment of counsel (ECF No. 1).

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

1    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3    relief." *Id.* § 1915A(b).

4         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11   U.S. 662, 679 (2009).

12        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

15   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16   678.

17        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19   content that allows the court to draw the reasonable inference that the defendant is liable for the

20   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

                                    Screening Order

25        Plaintiff's complaint alleges the following:  Plaintiff arrived at the California Medical

26   Facility on July 1, 2019.  ECF No. 1 at 3.  He was seen by defendant Dr. Ognhjen Petras.  *Id.*

27   Plaintiff informed Dr. Petras that he is diabetic and requires a special type of shoe to avoid a bad

28   infection.  *Id.*  Plaintiff offered to show Dr. Petras his medical records, but Dr. Petras declined,

                                           2

1    stating that at CMF, they "do the[ir] own thing[ ]." *Id.* Dr. Petras further informed plaintiff that

2    unless plaintiff had "two left feet," plaintiff would not be seeing a foot doctor. *Id.* On some date

3    thereafter, plaintiff told Dr. Petras that he needed to go to a hospital for an infection. *Id.* Plaintiff

4    persisted with this request for three weeks, but Dr. Petras denied that plaintiff had an infection.

5    *Id.* As of September 2019, however, plaintiff did have an infection, which resulted in the

6    amputation of his right big toe. *Id.*

7         Plaintiff's toe was amputated on September 20, 2019 at an outside hospital by defendant

8    Dr. Kolakowski. *Id.* at 5. Plaintiff's allegations against Dr. Kolakowski are illegible in parts. As

9    best the court can discern, plaintiff claims that Dr. Kolakowski should have prescribed treatment

10   of plaintiff with a strong anti-infection medication for six-weeks (as opposed to the seven-day

11   course prescribed) before amputating plaintiff's toe. *Id.* The allegations also suggest that Dr.

12   Kolakowski failed to fully inform plaintiff about the risk of a bone infection and that if he had

13   done so, plaintiff might have chosen not to amputate his toe. *Id.*

14        Also named as a defendant is Lori Austin, Chief Executive Officer at CMF. *Id.* at 4.

15   Plaintiff alleges that she is in charge of the appeals office. *Id.* He claims that she failed to do her

16   job because she did not tell Dr. Petras of his wrongdoings and instead tried to clean up his

17   mistakes. *Id.*

18        Liberally construed, plaintiff's allegations state a potentially cognizable Eighth

19   Amendment deliberate indifference to medical needs claim against defendant Petras. Plaintiff's

20   claim against Dr. Kolakowski, however, cannot survive screening. Although he might be able to

21   state a claim, the allegations against Kolakowski are mostly illegible. And as best the court can

22   discern, the allegations appear to be based on plaintiff's disagreement with the course of

23   treatment chosen by Dr. Kolakowski. Mere differences of opinion concerning the appropriate

24   treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d

25   330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

26        Further, plaintiff's claim against defendant Austin cannot proceed because there are no

27   constitutional requirements regarding how a grievance system is operated. *See Ramirez v.*

28   *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff's dissatisfaction with her handling of his

                                            3

1    administrative appeal does not give rise to a federal cause of action.  *See Buckley v. Barlow*, 997

2    F.2d 494, 495 (8th Cir. 1993) (stating that an administrative grievance procedure is a procedural

3    right only, it does not confer any substantive right upon an inmate.).

4        Plaintiff may either proceed with his Eighth Amendment deliberate indifference to

5    medical needs claim against defendant Petras only or he may amend his complaint to attempt to

6    cure the defects in his claims against defendants Kolakowski and/or Austin.  He may not,

7    however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507

8    F.3d 605, 607 (7th Cir. 2007).  Moreover, plaintiff is not obligated to amend his complaint.

9                              Leave to Amend

10       Any amended complaint must identify as a defendant only persons who personally

11   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

12   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

13   constitutional right if he does an act, participates in another's act or omits to perform an act he is

14   legally required to do that causes the alleged deprivation).  Plaintiff is not obligated to file an

15   amended complaint.

16       Any amended complaint must be written or typed so that it so that it is complete in itself

17   without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended

18   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

19   earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

20   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

21   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

22   1967)).

23       The court cautions plaintiff that failure to comply with the Federal Rules of Civil

24   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

25   *See* E.D. Cal. L.R. 110.

26                        Request for Appointment of Counsel

27       Plaintiff also requests that the court appoint him an attorney.  ECF No. 1 at 7.  District

28   courts may authorize the appointment of counsel to represent an indigent civil litigant in certain

4

1  exceptional circumstances.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017

2  (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v.*

3  *Harper*, 864 F.2d 85, 87 (9th Cir. 1988).  In considering whether exceptional circumstances exist,

4  the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of

5  the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

6  *Terrell*, 935 F.2d at 1017.  The court cannot conclude that plaintiff's likelihood of success, the

7  complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to

8  exceptional circumstances justifying the appointment of counsel at this time.

9                                                Conclusion

10      Accordingly, it is ORDERED that:

11      1.      Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

12      2.      Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

13              in accordance with the notice to the California Department of Corrections and

14              Rehabilitation filed concurrently herewith.

15      3.      Plaintiff's request for the appointment of counsel (ECF No. 1) is DENIED.

16      4.      Plaintiff's complaint alleges, for screening purposes, a viable Eighth Amendment

17              deliberate indifference to medical needs claim against defendant Petras.

18      5.      All other claims are dismissed with leave to amend within 30 days from the date of

19              service of this order. Plaintiff is not obligated to amend his complaint.

20      6.      Within thirty days plaintiff shall return the notice below advising the court whether

21              he elects to proceed with the cognizable claim or file an amended complaint.  If

22              the former option is selected and returned, the court will enter an order directing

23              service at that time.

24      7.      Failure to comply with any part of this this order may result in dismissal of this

25              action for the reasons stated herein.

26  DATED:  May 5, 2020.

27                                        _____
                                          EDMUND F. BRENNAN
28                                        UNITED STATES MAGISTRATE JUDGE

                                                    5

1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10     RUBEN EDWARD MORA,                         No.  2:20-cv-0749-EFB P

11              Plaintiff,

12          v.                                    NOTICE OF ELECTION

13     OGNJEN PETRAS, et al.,

14              Defendants.

15

16          In accordance with the court's Screening Order, plaintiff hereby elects to:

17

18
       (1)  _____   proceed only with Eighth Amendment deliberate indifference to medical
19
       needs claim against defendant Petras;
20

21
       OR
22
       (2)  _____   delay serving any defendant and files an amended complaint.
23

24

25                                          _____

                                                         Plaintiff
26
       Dated:
27

28
                                                 6