UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN EDWARD MORA,<br><br>Plaintiff,<br><br>v.<br><br>OGNJEN PETRAS,<br><br>Defendant. | Case No. 2:20-cv-00749-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>ECF No. 36 |

Plaintiff has filed a motion to compel defendant to provide responses to interrogatories. ECF No. 36. Defendant opposes the motion, arguing that under the court's scheduling order, plaintiff's interrogatories were not timely served and his motion to compel was untimely filed. ECF No. 37. I agree with defendant and will deny plaintiff's motion to compel.

On August 18, 2020, the previously assigned magistrate judge issued a scheduling order requiring all discovery, including filing any motions to compel, to be completed by January 29, 2021. ECF No. 23 at 4. That order also required all requests for discovery to be served by December 4, 2020. *Id*. On January 8, 2021 plaintiff filed a motion for an extension of time asking that "if here's any deadlines, may [he] have more time." ECF No. 34 at 2. Plaintiff also noted that he had tested positive tested positive for Covid-19 and asked the "court to honor [his] first set of interrogatories." *Id*. at 1. Because that motion did not identify the specific deadline that plaintiff sought to extend, I denied it without prejudice. ECF No. 35. I reminded plaintiff

1

1   that all discovery needed to be completed by January 29, 2021, and that dispositive motions were
2   to be filed by no later than April 30, 2021. *Id*. I also notified plaintiff that if he was unable to
3   comply with those deadlines, he could file a motion to modify the scheduling order. *Id*. No such
4   motion was filed.

5   Instead, plaintiff waited until March 8, 2021, more than a month after the deadline for
6   completing discovery, to file the instant motion to compel.[1] ECF No. 36. Consequently,
7   plaintiff's motion is untimely under the court's scheduling order. Moreover, plaintiff's motion
8   concedes that he did not serve his interrogatories on defendant until February 18, 2021, more than
9   two months after the deadline for serving written discovery.[2] *Id*. at 1. Absent modification of the
10  scheduling order, plaintiff's motion must be denied.

11  Plaintiff, however, has also failed to provide any basis for modifying the scheduling order.
12  A court's scheduling order "may be modified only for good cause and with the judge's consent."
13  Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party seeking the
14  modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Thus,
15  the "court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of
16  the party seeking the extension." *Id*.

17  Although the court issued its scheduling order on August 18, 2020, plaintiff waited until
18  early 2021 to serve his interrogatories. Significantly, he provides no explanation for his delay in
19  serving that request for discovery. Although he noted in a previous filing that he had tested
20  positive for Covid-19, neither that filing nor the present motion states that he was unable to timely
21  serve discovery due to contracting Covid. In fact, plaintiff has not specified when he tested
22  positive for Covid-19, much less shown that he suffered Covid-related illness between August
23  2020 and the close of discovery.

24  Equally troubling is plaintiff's decision to wait until March 8, 2021 to file his motion to
25  compel. As previously mentioned, I notified plaintiff in early January 2021 that if he was unable

---

[1] The motion is dated March 1, 2021. ECF No. 36.

[2] Defendant contends that plaintiff served interrogatories on January 7, 2021. ECF No. 37-1 at 2. The discrepancy over the date is immaterial given that the scheduling order required all written discovery to be served by December 4, 2020 deadline.

to complete discovery by the January 29 deadline, he could file a motion to compel. ECF No. 35. Not only did plaintiff never seek to amend the scheduling order, he waited nearly two months to file his motion to compel. Simply put, plaintiff has not been diligent in his pursuit of discovery.[3]

Accordingly, it is hereby ORDERED that plaintiff's motion to compel, ECF No. 36, is denied.

IT IS SO ORDERED.

Dated:   September 29, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Aside from belatedly filing his motion to compel, plaintiff did not include a copy of the interrogatories, notwithstanding his assertion to the contrary. ECF No. 36 at 1 (asking the court to compel defendant to provide full responses to his interrogatories, "copies of which are attached hereto."). Thus, even if the motion was timely filed, I would not be able to evaluate whether they seek discoverable information.

3