UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN EDWARD MORA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O. PETRAS,<br><br>　　　　　Defendant. | Case No. 2:20-cv-00749-KJM-JDP (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO SEAL DOCUMENTS<br><br>ECF No. 39<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL<br><br>ECF Nos. 46 & 47 |

　　　　The public generally has a right to inspect court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Defendant asks to shield from public view 515 pages of records submitted with his motion for summary judgment. But defendant has not made the showing required to justify such sealing.

　　　　There is a strong presumption in favor of public access to court records, and the party seeking to seal a record bears the burden of overcoming that presumption. *See Kamakana*, 447 F.3d at 1178. Records attached to non-dispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.*, 447 F.3d at 1179-

1

80 (quotations omitted).  For dispositive motions, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citation omitted).  "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Defendant seeks to seal exhibits B, C, and D to the declaration of Deputy Attorney General Norman D. Morrison IV, which he has submitted in support of his pending motion for summary judgment.  ECF No. 39.  Exhibits B and D contain plaintiff's medical records, from both the California Medical Facility and private healthcare providers, and exhibit C consists of plaintiff's prison grievances and responses.  *Id.*  Defendant has not demonstrated that these documents should be shielded from public view.

As a threshold matter, defendant argues that a motion for summary judgment is not dispositive and that he must show only good cause for sealing documents.  ECF No. 39-1 at 2.  This argument is perplexing; a summary judgment motion is dispositive, and defendant must advance compelling reasons for sealing records submitted with such a motion.  *See Kamakana*, 447 F.3d at 1179 (concluding that a "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments").

It is also not apparent from reviewing the documents that they merit sealing.  While it may be appropriate in certain circumstances to seal medical records, such records are regularly filed on the public docket in cases that, like this one, involve claims of medical deliberate indifference.  Defendant's conclusory statement that publication of plaintiff's records will interfere with plaintiff's right to privacy and medical care does not justify a departure from that practice.  *See Chester v. King*, No. 1:16-cv-01257-DAD-GSA (PC), 2019 WL 5420213, at *2 (E.D. Cal. Oct.

23, 2019) (denying a motion to seal an exhibit in support of a motion for summary judgment that includes "health information, medical history, and treatment records pertaining to Plaintiff's Hepatitis C diagnosis, which are at issue in this case"). Notably, defendant's motion for summary judgment, which he filed on the public docket, discusses the information contained in the documents that he seeks to seal. Defendant's request to seal is denied.

Given the potentially sensitive nature of some of the documents, the denial will be without prejudice. Defendant may file a properly supported request to seal within fourteen days of this order. Defendant could also consider asking plaintiff to stipulate to the documents being filed on the public docket.[1]

Also pending are plaintiff's two motions for appointment of counsel. ECF Nos. 46 & 47. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff, *see Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff contends that he should be appointed counsel because of increased difficulty in litigating this action due to the COVID-19 pandemic and his health-related issues. ECF No. 47 at 1-2. I cannot conclude that the current pandemic constitutes an exceptional circumstance requiring the appointment of counsel. To hold otherwise would require the court to appoint

---

[1] Under Local Rule 141(e)(1), the court ordinarily returns the documents to the requesting party. Given that defendant's motion for summary judgment rests primarily on the documents at issue in his request to seal, I will defer returning the documents at this time. Defendant is warned, however, that should he fail to timely renew his motion or submit a stipulation to file them on the public docket, the documents will be returned and not considered in adjudicating his motion for summary judgment.

counsel to all inmates, which is not feasible. Furthermore, the allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motions to appoint counsel, ECF Nos. 46 & 47, are denied without prejudice.

Accordingly, it is hereby ORDERED that:

1. Defendant's request to seal documents, ECF No. 39, is denied without prejudice.

2. Within fourteen days of the date of this order, defendant shall file either a renewed motion to seal or a stipulation to file on the public docket exhibits B, C, and D to the declaration of Deputy Attorney General Norman D. Morrison IV.

3. Plaintiff's motions for appointment of counsel, ECF Nos. 47 & 48, are denied without prejudice.

IT IS SO ORDERED.

Dated:   November 8, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE