UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN EDWARD MORA,<br><br>  Plaintiff,<br><br>  v.<br><br>OGNJEN PETRAS,<br><br>  Defendant. | Case No.   2:20-cv-00749-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ADA ACCOMMODATION<br><br>ECF No. 58<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>(1) PLAINTIFF'S MOTION TO AMEND BE DENIED, AND<br><br>(2) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF Nos. 38, 42, & 45 |

Plaintiff Ruben Edward Mora, a state prisoner without counsel, filed this section 1983 action alleging that defendant Ognjen Petras violated his Eighth Amendment rights by denying him adequate medical care for his foot. Defendant has filed a motion for summary judgment, ECF No. 38, and plaintiff has filed a cross motion for summary judgment, ECF No. 42. Plaintiff has not filed a response to defendant's motion, despite an order granting him additional time to do

1

1  so.  ECF No. 59.  After review of the motions for summary judgment, I recommend that
2  defendant's be granted and plaintiff's denied.

### Motions to Amend Complaint and for ADA Accommodation

Before taking up the motions for summary judgment, I will adjudicate plaintiff's motions to amend the complaint and for ADA accommodation.  Plaintiff's motion to amend should be denied because it was submitted after both his own and defendant's motions for summary judgment were filed.  Thus, it appears to be little more than an attempt to evade summary judgment.  *See Schlacter-Jones v. General Tel.*, 936 F.2d 435, 443 (9th Cir. 1991) ("A motion for leave to amend is not a vehicle to circumvent summary judgment.").  And I will deny plaintiff's motion for ADA accommodation because it is, in effect, a request that counsel be appointed for him.  ECF No. 58 at 1.  Plaintiff's previous motions for appointment of counsel were denied.  *See* ECF Nos. 25, 27, 47, 48, & 49.  The current motion for ADA accommodation fails to raise new facts or argument that justifies appointment of counsel.

### Motion for Summary Judgment

**I.     Legal Standards**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable factfinder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to portions of depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider material in the record beyond that cited by the parties, but it is not required to

1    do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist*., 237 F.3d 1026,
2    1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir.
3    2010).  Given the liberal standard afforded pro se litigants and the prohibition against granting
4    summary judgment by default, I will take the whole record into consideration in evaluating
5    whether defendants are entitled to summary judgement.[1]

6    "The moving party initially bears the burden of proving the absence of a genuine issue of
7    material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the
8    moving party must either produce evidence negating an essential element of the nonmoving
9    party's claim or defense or show that the nonmoving party does not have enough evidence of an
10   essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
11   *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
12   initial burden, the burden shifts to the non-moving party "to designate specific facts
13   demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
14   376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  While the non-moving party is not required to
15   establish a material issue of fact conclusively in its favor, it must at least produce "evidence from
16   which a jury could reasonably render a verdict in [its] favor." *Id.* (citing *Anderson*, 477 U.S. at
17   252).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all
18   justifiable inferences" must be drawn in favor of the non-moving party. *Orr v. Bank of America,*
19   *NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

---

[1] The advisory committee notes to the 2010 amendments to Rule 56(e) state that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56(e) (advisory committee notes to 2010 amendments).  Instead, courts are permitted to consider a fact undisputed if it is not properly addressed or to grant summary judgment if the motion and supporting materials show that the movant is entitled to it. *See id*.  This discretion is particularly apposite in cases with prisoner litigants proceeding pro se, since an unrepresented prisoner's choice to proceed without counsel is often "less than voluntary," and prisoners are subject to the "handicaps . . . [that] detention necessarily imposes upon a litigant," such as "limited access to legal materials . . . [and] sources of proof." *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65, n.4 (9th Cir. 1986); *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (holding that courts have an "obligation to give a liberal construction to the filings of pro se litigants").

**II.     Background**

Plaintiff alleges that, between July and September 2019 and while plaintiff was incarcerated at California Medical Facility ("CMF"), defendant failed to provide proper care for his foot. Specifically, he contends that defendant failed to order specialized shoes and appropriate orthotics for his diabetic condition. Most critically, plaintiff alleges that defendant failed to timely transfer him to an outside hospital for treatment of a foot infection that developed in September 2019. Plaintiff alleges that, as a result, one of his toes was amputated.

**II.     Analysis**

To succeed on an Eighth Amendment claim for denial of adequate medical care, a prisoner must show that he had a serious medical need and that the response to that need was so inadequate as to be deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference is something more than simple medical malpractice or negligence, however. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference is established only where the claimant shows that the defendant knew of and disregarded an excessive risk to his health. *Id.* at 1058. Here, defendant argues that the evidence establishes that he did not exhibit deliberate indifference. I agree.

        A.     <u>Orthotics, Shoes, and Mobility Devices</u>

The undisputed evidence shows that, in early July 2019, when plaintiff was transferred to CMF from Wasco State Prison, he had already been prescribed and was in possession of therapeutic shoes and a walker. ECF No. 38-7 at 18; ECF No. 38-9 at 16. Orders for the shoes, walker, and a mobility impaired disability vest were made permanent at CMF by defendant's order. ECF No. 38-7 at 17-19. Plaintiff complained to medical staff of problems with his state-issued boots in September of 2019, and staff requested a podiatry consult to recommend more appropriate footwear. ECF No. 38-9 at 11. Based on this evidence, which plaintiff has failed to contest by way of an opposition or in his own motion for summary judgment, I find that defendant was not deliberately indifferent to plaintiff's need for orthotics, shoes, and mobility

devices.

                    B.      <u>Failure to Refer Plaintiff to an Outside Provider to Treat Foot Infection</u>

In his complaint, plaintiff alleges that, on an unspecified date, he told defendant that he needed hospital treatment for a foot infection. ECF No. 1 at 3. He claims that defendant ignored his request for outside treatment for three weeks and that this delay necessitated the amputation of his toe. *Id.* Plaintiff's medical records tell a different story. On September 3, 2019, he was examined by a physician's assistant and there is no record of any complaints about a foot infection. ECF No. 38-8 at 36-37. The physician assistant noted that plaintiff's vitals appeared normal, his affect was pleasant, he could walk with his walker, and his skin was normal. *Id.* at 37. Signs of infection were first documented on September 12, 2019, during an encounter with medical staff. ECF Nos. 38-9 at 47, 38-9 at 35. Defendant referred plaintiff to San Joaquin General Hospital at the conclusion of that visit. ECF No. 38-9 at 48. Plaintiff's hospital records confirm that defendant acted quickly. Intake staff noted that plaintiff told them that he was "doing well until approximately 1 to 2 days preceding hospitalization." ECF No. 38-12 at 21. Thus, defendant is also entitled to summary judgment on this claim.

Accordingly, it is ORDERED that plaintiff's motion for ADA accommodation, ECF No. 58, is DENIED.

Further, it is RECOMMENDED that:

1. Defendant's motion for summary judgment, ECF No. 38, be GRANTED and summary judgment be entered in his favor.

2. Plaintiff's motion for summary judgment, ECF No. 42, be DENIED.

3. Plaintiff's motion to amend complaint, ECF No. 45, be DENIED.

4. Judgment be entered in defendant's favor and against plaintiff.

5. The Clerk of Court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations

with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: February 24, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE