UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN EDWARD MORA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OGNJEN PETRAS,<br><br>　　　　　Defendant. | No. 2:20-cv-00749-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO AMEND COMPLAINT<br><br>(Doc. Nos. 38, 42, 45, 60) |

　　　　Plaintiff Ruben Edward Mora is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 24, 2022, the assigned magistrate judge issued findings and recommendations, recommending that defendant's motion for summary judgment (Doc. No. 38) be granted, plaintiff's motion for summary judgment (Doc. No. 42) be denied, and plaintiff's motion to amend complaint (Doc. No. 45) also be denied. (Doc. No. 60.) Specifically, the magistrate judge found that plaintiff's medical records establish that defendant did not exhibit deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment. (*Id.* at 4–5.) The findings and recommendations were served on all parties and contained notice that any

objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 5–6.) Plaintiff belatedly filed objections dated March 13, 2022, outside the objections period. (Doc. No. 61.) Nonetheless, out of an abundance of caution, the undersigned will review and address plaintiff's objections.

In his objections, plaintiff contends he was not provided the opportunity to prove his case because his access to the prison law library was limited. (*Id.* at 1, 8.) He also objects to the findings, arguing that, in contradiction to entries in his medical records, he was never provided with therapeutic shoes and now requires the use of a wheelchair. (*Id.* at 5.) Plaintiff also states that "the magistrate judge is not a diabetic doctor. You don't lose a toe in 3 weeks."

Although plaintiff argues that he could not respond to defendant's motion for summary judgment due to lack of access to the prison law library, the docket reflects that plaintiff submitted numerous court filings following defendant's motion for summary judgment, including requests for extensions of time, his own motion for summary judgement, a belated motion to amend his complaint, several motions for the appointment of counsel, and multiple responses to motions to seal. (*See* Doc. Nos. 40, 42, 45, 46, 47, 48, 55, 57, 58.) Plaintiff has failed to explain why he was unable to respond to defendant's motion for summary judgment and to present any factual evidence to support his arguments despite being able to file other motions in this action. Furthermore, plaintiff still has not presented any evidence to counter, or draw into question or dispute, the accuracy of his medical records. Rather, plaintiff has merely claimed that he did not receive the prescribed therapeutic shoes. The undersigned finds plaintiff's objections to be unpersuasive.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on February 24, 2022 (Doc. No. 60) are adopted in full;

2. Defendant's motion for summary judgment (Doc. No. 38) is granted;

3. Plaintiff's motion for summary judgment (Doc. No. 42) is denied;

4. Plaintiff's motion to amend the complaint (Doc. No. 45) is denied;

5. Summary judgment is entered in defendant's favor; and

6. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **September 8, 2022**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE